**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **ANTOINE DAVIS, #R-60010,** | ) | |
| *and all other prisoners at Lawrence* | ) | |
| *prison officials failed to protect,* | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 14-cv-00975-NJR** |
| | ) | |
| **ARNOLD STEBER, STEVE DUNCAN,** | ) | |
| **C. PRUITT, SALVADORE GODINEZ,** | ) | |
| **MS. DAVIS and C/O HARPER,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Antoine Davis, an inmate who is currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this civil rights action pursuant to 42 U.S.C. § 1983 (Doc. 1). In the complaint, Plaintiff claims that he was assaulted by his cellmate in August 2014, after repeatedly alerting Lawrence officials to the threat of attack and asking for a separate cell (Doc. 1, pp. 6-7). Plaintiff claims that Lawrence, like other prisons within the Illinois Department of Corrections ("IDOC"), has instituted a widespread practice of ignoring requests for protective custody, failing to investigate inmate assaults, and issuing disciplinary tickets to assault victims (Doc. 1, p. 7).

Plaintiff now sues the IDOC's director, Salvadore Godinez, and five Lawrence officials, including Steve Duncan (warden), Arnold Steber (lieutenant), C/O Harper (internal affairs officer), Ms. Davis (mental health counselor), and C. Pruitt (correctional officer), for failing to protect him from the inmate assault based on this widespread practice (Doc. 1). Plaintiff brings this action on behalf of himself and all other Lawrence inmates whose Eighth Amendment rights

have been violated by prison officials who failed to protect them.  Plaintiff seeks monetary damages and injunctive relief, including a preliminary injunction requiring Lawrence officials to transfer Plaintiff to another prison (Doc. 1, p. 8).

**Class Certification**

Before conducting its preliminary review of the complaint under 28 U.S.C. § 1915A, the Court must first address the fact that Plaintiff brought this action on behalf of himself, as well as all other Lawrence prisoners who have been denied protection by prison officials.  No other Plaintiff appears to be involved in this action.  No one else signed the complaint or any other pleadings filed along with it.  More to the point, a prisoner bringing a *pro se* action cannot represent a class of plaintiffs.  *See Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 831 (7th Cir. 1986); FED. R. CIV. P. 11.  Therefore, to the extent that Plaintiff seeks class certification, the request is **DENIED** without prejudice.

**Merits Review Under 28 U.S.C. § 1915A**

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.  Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims.  28 U.S.C. § 1915A(a).  The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).  After carefully considering the allegations in light of this standard, the Court finds that the complaint survives preliminary review under § 1915A.

**The Complaint**

According to the complaint, Plaintiff was assaulted by his cellmate ("Harris") in August 2014 (Doc. 1, pp. 6-7; Doc. 1-1, pp. 1-2). The two inmates shared a cell for eight or nine weeks prior to the assault (Doc. 1, p. 6). During their second week together, Plaintiff and Harris had a "misunderstanding" and could not get along thereafter.

Plaintiff asked several correctional officers to separate the two inmates from one another. Two weeks before the assault, Plaintiff met with his mental health counselor, Defendant Davis, and again asked that the two inmates be separated for safety reasons because Harris was threatening Plaintiff. Defendant Davis told Plaintiff to "write to Placement" (Doc. 1, p. 6).

When the situation became unbearable, Plaintiff sent multiple requests for intervention to an internal affairs officer, Defendant Harper, without any results. Just before the assault on August 18, 2014, Plaintiff and Harris went together to speak with a lieutenant, Defendant Steber, and correctional officer, Defendant Pruitt (Doc. 1-1, p. 1). Plaintiff and Harris asked Defendants Steber and Pruitt to separate them (Doc. 1, p. 6). In the presence of Harris, Plaintiff told these Defendants that he did not feel safe because Harris had threatened him with violence if Plaintiff "did not walk [him]self." Despite this statement, Defendant Steber told both inmates that they would have to "wait until tomorrow to be moved" (Doc. 1, p. 6).

Harris became upset when Plaintiff told Defendant Steber about the threats. He apparently wanted Plaintiff to state that the two were simply "not getting along." Upon returning to the cell, Harris attacked Plaintiff, cutting his eye, bruising his upper right forehead, and bruising his lip. Harris then told "folks" that Plaintiff "tricked on him" (Doc. 1, p. 6). Because Harris identified Plaintiff as a snitch, Plaintiff now faces an increased risk of attack from his fellow inmates, if he is moved back into the general prison population.

Plaintiff alleges that his Eighth Amendment rights have been violated by the Lawrence officials' failure to protect him from an obvious risk of inmate assault. He also complains of a widespread practice at Lawrence, and other prisons within the IDOC, of: (1) ignoring inmate requests for separation and/or protective custody; (2) issuing victims of inmate assaults disciplinary tickets; and (3) failing to investigate inmate attacks (Doc. 1, p. 7).

Plaintiff brings an Eighth Amendment failure to protect claim against Defendants Godinez, Duncan, Steber, Harper, Davis, and Pruitt. He seeks monetary damages and injunctive relief. In his request for relief, Plaintiff also seeks a preliminary injunction requiring Lawrence officials to transfer him to a different prison.

## Discussion

Prison officials have an obligation to protect prisoners from one another. *See, e.g.*, *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995). In order to state a failure to protect claim, Plaintiff must show that each Defendant was "deliberately indifferent" to a risk of serious harm to [P]laintiff's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). Put differently, Plaintiff must show that each Defendant knew that there was a substantial risk that Plaintiff could be seriously harmed and failed to take reasonable steps to protect Plaintiff from that harm.

After carefully considering the allegations in the complaint, the Court finds that it states a colorable Eighth Amendment claim (**Count 1**) against Defendants Steber, Harper, Davis, and Pruitt for displaying deliberate indifference to an unreasonable risk of assault. Further, the complaint also states a colorable Eighth Amendment claim (**Count 2**) against Defendants Godinez and Duncan for instituting and/or condoning the widespread practices, set

forth above, that allegedly led to Plaintiff's assault.  Accordingly, Plaintiff shall be allowed to proceed with **Counts 1** and **2** at this early stage.[1]

**Request for Preliminary Injunction**

In his "request for relief" in the complaint, Plaintiff seeks a preliminary injunction requiring Lawrence officials to transfer him to another prison.  The Court construes this request as a motion for preliminary injunctive relief.  In order to obtain this relief, Plaintiff must demonstrate that: (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists, and; (3) Plaintiff will suffer irreparable harm without the injunction. *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007).  If those three factors are shown, the district court must then balance the harm to each party and to the public interest from granting or denying the injunction.  *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999).

Upon preliminary review, the Court finds that Plaintiff's motion warrants prompt consideration.  Accordingly, the Clerk shall be directed to add Plaintiff's motion for preliminary injunction as a separate docket entry.  Further, Plaintiff's request for a preliminary injunction shall be **REFERRED** pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c) to United States Magistrate Judge **Donald G. Wilkerson**, who shall resolve the request as soon as practicable and issue a Report and Recommendation.  If it becomes apparent that further action is necessary, the undersigned Judge should be notified immediately.  Any motions filed after the date of this Order that relate to this request for injunctive relief or seek leave to amend the

---

[1] The Court will allow these claims to proceed out of an overabundance of caution.  In the complaint, Plaintiff states that he filed an emergency grievance prior to commencing this action, but the grievance was denied (Doc. 1, p. 5).  He did not address whether he filed any other grievances through the normal channels at Lawrence before commencing this action.  It is therefore unclear whether he exhausted his administrative remedies.  While this requirement may prove to be an insurmountable hurdle to Plaintiff's claims, the Court will allow the claims to proceed at this early stage.

complaint are also hereby **REFERRED** to United States Magistrate Judge **Wilkerson**.

**Pending Motions**

Plaintiff has filed a motion for leave to proceed *in forma pauperis* (Doc. 2), which shall be addressed in a separate Order of this Court.

Plaintiff has also filed a motion for recruitment of counsel (Doc. 3), which shall be **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for a decision.

**Disposition**

The **CLERK** is hereby **DIRECTED** to add Plaintiff's motion for preliminary injunction as a separate docket entry in CM/ECF.

**IT IS HEREBY ORDERED** that as to **COUNTS 1** and **2**, the Clerk is directed to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on Defendants **SALVADORE GODINEZ, STEVE DUNCAN, ARNOLD STEBER, C. PRUITT, MS. DAVIS,** and **C/O HARPER**.  The Clerk shall issue the completed summons, and prepare a service packet for each Defendant consisting of: the completed summons, the completed form USM-285, a copy of the complaint (Doc. 1), and this Memorandum and Order. The Clerk shall deliver the service packets for each Defendant to the United States Marshal Service for personal service on each Defendant.

Pursuant to Federal Rule of Civil Procedure 4, **within 14 days of the date of this Order (on or before September 24, 2014),** the United States Marshals Service **SHALL personally serve** upon Defendants **GODINEZ, DUNCAN, STEBER, PRUITT, DAVIS,** and **HARPER** the service packets containing the summons, form USM-285, a copy of the complaint (Doc. 1), and this Memorandum and Order.  All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals

Service.  The Court will not require Defendants to pay the full costs of formal service, as the Court is ordering personal service to expedite the resolution of Plaintiff's motion for preliminary injunctive relief.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Donald G. Wilkerson** for further pre-trial proceedings, including a decision on Plaintiff's motion for recruitment of counsel (Doc. 3) and resolution of Plaintiff's request for a preliminary injunction as soon as practicable, to include a Report and Recommendation. Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Wilkerson** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has not yet been decided.  *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk

of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

       **IT IS SO ORDERED.**

       **DATED: September 10, 2014**

Digitally signed by
Nancy J Rosenstengel

**NANCY J. ROSENSTENGEL**
**United States District Judge**